**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IDRISSA DRAME,**<br>**Petitioner,**<br><br>**v.**<br><br>**ANDY CRUZ; JOHN E. RIFE, MARKWAYNE MULLIN, TODD BLANCHE, and UNITED STATES DEPARTMENT OF HOMELAND SECURITY,**<br>**Respondents.** | **CIVIL ACTION**<br><br><br><br>**NO. 26-CV-8920** |

**ORDER**

**AND NOW**, this 25th day of November, 2026, upon consideration of the Petition for Writ of Habeas Corpus (ECF No. 1), and the Government's Response in Opposition thereto (ECF No. 5), **IT IS HEREBY ORDERED** as follows:

1. The Petition is **GRANTED**;[i]

2. The Government shall **RELEASE** Petitioner from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than **4:00 p.m. on November 25, 2026**;

3. The Government is temporarily enjoined from re-detaining Idrissa Drame until no earlier than **December 9, 2026**, and should Respondents choose to pursue re-detention under 8 U.S.C. § 1226(a), they must first provide Idrissa Drame with a bond hearing at which a neutral immigration judge will determine whether detention is warranted pending resolution of those removal proceedings; and

4. Pending any future scheduled bond hearing, the Government **SHALL NOT** remove, transfer, or otherwise facilitate the removal of Petitioner from the Commonwealth of Pennsylvania. If the Immigration Judge determines that Petitioner is subject to detention under

8 U.S.C. § 1226(a), the Government may request permission of the Court to move him. If unforeseen or emergency circumstances arise that require Petitioner to be removed, any such request must include an explanation for the request as well as a proposed destination.

**BY THE COURT:**

**S/ WENDY BEETLESTONE**

**WENDY BEETLESTONE, C.J.**

---

[i] Idrissa Drame is a citizen of Senegal who has lived in the Philadelphia, Pennsylvania area since July 2023. He resides with his uncle who is a lawful permanent resident. He has applied for asylum, and his case is pending. On November 21, 2026, Drame was driving himself and co-workers to work when his vehicle was stopped by Immigration and Customs Enforcement ("ICE") agents who were looking for a different individual. Immediately, he and his co-workers were handcuffed. Then, the ICE agents asked for his identification, and they instructed him to get into an ICE vehicle to be transported to the ICE office in Philadelphia for processing. ICE did not present Drame with a warrant before taking him into custody. Once at the ICE field office, agents provided Drame with a Form I-200 administrative warrant and transported him to the Federal Detention Center in Philadelphia, where he remains detained.

Drame filed the instant petition for habeas relief. In response, the Government does not substantively address the factual or legal arguments made in Drame's Petition, and instead "concede[s] that this matter generally presents questions of law regarding arrest and detention—including the timing of ICE's creation and service of an administrative warrant—that are substantially the same as questions this Court addressed" in *Hernandez v. Jamison*, 2026 WL 3034460 (E.D. Pa. Oct. 9, 2026). Consistent with *Hernandez*, in which habeas relief was granted for a petitioner unlawfully arrested without a warrant and unlawfully detained without an individualized custody determination, Drame's Petition shall be granted. Because the Government lacks a legal basis for detaining Drame pending resolution of removal proceedings, he must be released immediately.